IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. **3:10-CR-083-L** |
| | § | |
| **ABDEL SALEH (01)** | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant Abdel Saleh's Motion for Discovery and Inspection of Evidence, filed June 21, 2010. The government filed its response on July 6, 2010. After carefully considering the motion, response, record, and applicable law, the court **grants in part** and **denies in part** Defendant Abdel Saleh's Motion for Discovery and Inspection of Evidence.

The government states that it has fully complied with its obligations under Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500 (the Jencks Act), and *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The government does not oppose several of Defendant's requests, or it states that it has complied with the requests and produced what discovery it has. The court will only address those discovery requests to which the government objects.

## I. Contested Discovery Requests

### A. Request No. 2

Defendant's second request seeks:

> Any and all oral statements, confessions or admissions purported to have been made by the Defendant and any written summary, report or transcription thereof made by any government agent or law enforcement officer, or copy thereof, within the possession, custody or control of the government or any agent thereof. This request includes, but is not limited to, statements made to

> witnesses other than law enforcement officers or government agents and the precise words attributed to the Defendant which caused any government agent to conclude that the Defendant was a coconspirator with any other Defendant in this cause.

Def.'s Mot. Request 2. Pursuant to Defendant's first request, to which it does not object, the government states that it has no recorded or written statement by Defendant other than a lease he signed with Uncle Bob's self-storage warehouse, which has been produced. The government has also produced recordings of phone calls by Defendant made while he was confined in the Dallas County Jail in 2009 and 2010.

In response to the second request, the government incorporates its response to the first request and states that it will also produce a FBI form 302 prepared by Special Agent Lara Burns regarding her conversation with Defendant on the day of his arrest. The government objects to producing any information that caused it to conclude that Defendant was a coconspirator with any other defendant because this request exceeds the scope of Rule 16 and potentially requires privileged information.

The court agrees with the government. Rule 16(a)(2) exempts from disclosure discovery of documents "made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" except for discovery authorized under Rule 16(a)(1). Defendant does not cite any other legal authority or case law in support of this request. To the extent that the government represents that it has or will disclose all statements made by Defendant as required by Rule 16, the court **denies** Defendant's second request.

B. **Request No. 3**

Defendant's third request seeks:

> Any and all statements of any co-defendants or co-conspirators, whether written or oral, or subsequently reduced to writing or summarized in any law enforcement agents' reports or copies thereof, including but not limited to any such statements which the government alleges are admissible statements of a co-conspirator or co-defendant made during the transactions subject of this cause and in furtherance of any alleged conspiracy or agreement.

Def.'s Mot. Request 3. The government objects to this request to the extent it exceeds the scope of Rule 16. It states that it has no statements of codefendant Juan Valladares and that it will supplement with the 302s of witnesses that it will call at trial in accordance with the Jencks Act and any local rules or court orders.

While the Fifth Circuit has not explicitly ruled whether coconspirator statements are discoverable pursuant to Rule 16, at least three other circuit courts and several district courts in this judicial district have held that they are not. In *United States v. Roberts*, 811 F.2d 257, 259 (4th Cir. 1987), the Fourth Circuit held:

> The plain language of Fed. R. Crim. P. 16(a)(1)(A) pertains to the discovery of statements "made by the defendant." The rule does not mention and is not intended to apply to the discovery of statements made by co-conspirators. Such statements are more properly governed by the Jencks Act, 18 U.S.C. § 3500.

811 F.2d at 258-59. *See also United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir.), *cert. denied*, 488 U.S. 840 (1988); *United States v. Muhammed*, 2009 WL 2474650, *2 (N.D. Tex. Aug. 12, 2009); *United States v. Jones*, 1999 WL 543843, *1 (N.D. Tex. July 23, 1999).

To the extent that the government calls coconspirators to testify against Defendant at trial, this testimony will fall within the Jencks Act. Because the government has agreed to produce witness statements pursuant to the Jencks Act, the court **denies** Defendant's third request.

**C.     Request No. 5**

Defendant's fifth request seeks: "Any and all instruments, documents or other tangible objects which were obtained from or are alleged to belong to or were made of or by the Defendant or any co-defendants, unindicted co-conspirators or informants." Def.'s Mot. Request 5. The government objects to the breadth of this request. It states that it has produced leases made by Defendant and Valladares and that it will produce other forms signed by Defendant. It also states that it will make available for inspection tangible items seized during the searches of the self-storage warehouses and Defendant's shop.

The court agrees that the request is overbroad; Rule 16(a)(1)(E) requires only the disclosure of documents and objects within the government's possession, custody or control and that are "material to preparing the defense," intended to be used at trial, or "obtained from or belongs to the defendant." It is unclear from the government's response, however, if it possesses any other items that fall within these categories. Accordingly, the court **grants** Defendant's fifth request and **directs** the government to disclose any documents or objects as required by Rule 16(a)(1)(E).

**D.     Request No. 6**

Saleh's sixth request is for: "All other instruments, documents, writings, papers, books, tape recordings, transcripts or other tangible objects the government plans to offer into evidence in this case, or which are material to the preparation of the defense." Def.'s Mot. Request 6. The government objects to this request, contending that it is premature, calls for attorney work product,

and seeks discovery beyond the scope of Rule 16. It states that it has not determined which exhibits or witnesses it will offer at trial and that it will allow Defendant to examine the seized items.

The court **denies** this request **as moot** in light of its ruling on request number five. To the extent Defendant seeks information now about what the government intends to use as evidence at trial, pretrial materials are not due until fourteen days before the trial setting. The court **denies** Defendant's request for early disclosure of pretrial materials.

### E. Request No. 7

Defendant's seventh request seeks: "Any and all books, papers, documents[,] instruments, tape recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against the Defendants and/or defendants." Def.'s Mot. Request 7. The government objects to this request. It contends that it is overly broad, beyond the scope of Rule 16, and seeks the discovery of attorney work product.

The court **denies** this request **as moot** in light of its ruling on request number five. The government need not disclose documents or objects beyond those required by Rule 16(a)(1)(E).

### F. Request No. 8

Saleh's next request is for: "Any and all names, addresses, and telephone numbers of individual witnesses whom the government intends to call as witnesses at trial, either in its case or as rebuttal witnesses herein, including any witnesses who could testify to any extrinsic act, conduct, or offense of any Defendant." Def.'s Mot. Request No. 8. In support of this request, Defendant cites *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979), and Rule 404(b) of the Federal Rules of Evidence.

The government objects to this request. It contends that this request is premature and that it seeks attorney work product. It states that its deadline for filing witness and exhibit lists has not passed and that it has not determined what witnesses it may call.

The court **denies** this request. The government's witnesses list is not due until fourteen days before the trial. *Opager* does not require earlier disclosure of the information sought, though it does hold that the government must provide a defendant with the addresses of its witnesses.

### G. Request No. 9

Saleh's ninth request is for "[a]ny and all names and addresses of persons who have knowledge pertaining to this case or who have been interviewed by the government or their agents in connection with this case." Def.'s Mot. Request 9. The government objects to this request, contending that it seeks information outside the scope of Rule 16.

Defendant against cites *Opager* in support of this request, but it does not support his request. The court agrees that this request is overbroad and **denies** it.

### H. Request No. 10

Defendant next requests: "Any and all FBI, State of Texas, and local arrest and conviction records of all persons referred to in paragraphs 8 and 9 whom the government plans to call as witnesses or who are listed as possible witnesses in this cause." Def.'s Mot. Request. 10. The government objects to this request and contends that it exceeds the scope of Rule 16. It states that it will produce NCIC reports as required for testifying witnesses.

The court **denies** this request. The government's production of reports for testifying witnesses will meet its obligations, and Defendant's cited authority does not support the broad request he makes.

### I. Request No. 11

Saleh's eleventh request is for "[w]ritten statements of all persons in paragraph 8 and 9 whom the government does not plan to call as witnesses." Def.'s Mot. Req. 11. The government argues that this request is overly broad and exceeds the scope of Rule 16. It states that it will comply with Rule 16 and the Jencks Act, as well as any court requirements.

The court **denies** this request. Defendant refers to Rule 16(a)(1)(E)(i) but does not explain how this portion of the rule applies. The government's compliance with Rule 16 and the Jencks Act are sufficient.

### J. Request No. 12

Defendant's next request seeks: "The name and address of each government agent, law enforcement agent or other person who participated in the arrest of the Defendant, who was present while the Defendant was being questioned or interrogated and/or made any statements or participated in the search of the Defendant's residence and/or vehicle." Def.'s Mot. Request 12. The government argues that this request is too broad and exceeds the scope of Rule 16. It states that Special Agents Burns and Boyd Geiger of the FBI and Larry Enmon of the Food and Drug Administration participated in the arrest and processing of Defendant, and that they were assisted by other federal agents.

The government has agreed to allow Defendant's counsel to review records or other materials at the United States Attorney's Office and the FBI. The court finds that this, along with the government's disclosure in its response, are sufficient and that Defendant has failed to cite any case law or specific rule in support of his request. The court therefore **denies** request twelve.

### K. Request No. 13

Saleh next requests: "The transcript of testimony of any and all persons who testified before the Grand jury in this cause, including but not limited to the precise nature of any statements attributed to this Defendant or any co-defendant or co-conspirator, whether indicted or not." Def.'s Mot. Request 13. The government contends that this request is overly broad and exceeds the scope of Rule 16(a)(3). It also argues that the request is premature and that it will comply with the Jencks Act.

Defendant is only entitled to grand jury testimony if he shows a "particularized need." *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987). Defendant has failed to articulate any specific need for this testimony, and the government has already agreed to comply with its obligations including those in the Jencks Act. The court **denies** this request.

### L. Request No. 15

The next contested request seeks:

> The name, address and telephone number of any informant or other person who gave information leading to the investigation of the Defendant(s) in this cause or which led to the identification of witnesses, evidence or the arrest of any Defendant in this cause or who was present at, participated in or was a witness to any transaction the subject of this indictment.

Def.'s Mot. Request 15. In support of his request, Saleh cites the Fifth, Sixth, and Fourteenth amendments to the United States Constitution and *Roviaro v. United States*, 353 U.S. 53 (1957).

The government argues that this request is overly broad, exceeds the scope of Rule 16, and calls for information exempt from discovery under Rule 16(a)(2). The government does not state whether there are any informants in this case.

The court **defers** ruling on this request unless an issue regarding informants arises in this case. The court agrees that *Roviaro* sets forth the legal standard with respect to the informant's privilege, but it cannot determine at this time if this analysis is necessary.

### M. Request Nos. 18, 19, and 20

Defendant's eighteenth request seeks "[t]he name and address of each witness who will be called by the Government, including any witness who could testify to extrinsic offenses, whether or not resulting in a criminal charge or conviction which the prosecutor plans to use in rebuttal or to establish motive, system, intent or identi[t]y." Def.'s Mot. Request 18. The government contends that this request is overly broad, exceeds the scope of Rule 16, and is premature because it has not determined which witnesses it will call at trial. It argues further that the request seeks information protected by the attorney work product and investigative privileges.

Request nineteen seeks "[a] list of all overt or extrinsic acts not alleged in the indictment which the Government expects to introduce into evidence." Def.'s Mot. Request 19. The government objects, arguing that this request exceeds the scope of Rule 16. It also has provided a notice pursuant to Rule 404(b) of the Federal Rules of Evidence with its response.

Saleh's twentieth request seeks "[a] description in writing of each extrinsic offense, act or conduct of the Defendant or any co-defendant or co-conspirator, including the date and place of such offense, act or conduct, which the Government intends to introduce into evidence." Def.'s Mot. Request 20. The government incorporates its response to request nineteen.

The court **defers** ruling on these requests until it has reviewed the parties' briefing regarding extrinsic evidence. The court will hold a hearing, if necessary, on these issues, and it will rule on Defendant's requests at that time.

### N. Request No. 21

Defendant's next request seeks:

> Any and all materials known to the government or which may become known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having personal knowledge of this case, which is exculpatory in nature or favorable to the accused, or which may lead to exculpatory or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or the instructions to government witnesses not to speak with or discuss the facts of this cause with defense counsel.

Def.'s Mot. Request 21. The government responds that it construes this as a request for material under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972). It states that it has produced any such documents it possesses. It further states that it will provide criminal histories of its witnesses that will testify at trial and that it has not instructed any witnesses, other than government agents, not to speak to defense counsel.

In light of the government's response, the court **denies** this request **as moot**.

### O. Request No. 22

Saleh's next request seeks:

> The substance of any and all statements and discussions had with any of the co-defendants or co-conspirators herein, whether indicted or unindicted, or with any such person's counsel indicating a promise or a suggestion of immunity, leniency, compensation, assurance not to prosecute, agreement to proceed only on certain counts of the indictment, representation as to yet uncharged misconduct, or any benefit accruing to such individuals whatsoever in exchange for their cooperation, assistance or testimony at trial herein.

Def.'s Mot. Request 22. The government objects to the request, contending that it is premature because it has not determined which witnesses will be called at trial. It also argues that the request

exceeds the scope of Rule 16.  Subject to its objections, the government states that it has no responsive information and that it has not spoken to Valladares or any coconspirators who were involved with the actions that are the basis of the indictment.

In light of the government's response, the court **denies as moot** request twenty-two.

## II.     Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant Abdel Saleh's Motion for Discovery and Inspection of Evidence as set forth in this memorandum opinion and order.

**It is so ordered** this 26th day of July, 2010.

Sam A. Lindsay
United States District Judge