IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:10-CR-083-L** |
| | § | |
| **ABDEL SALEH (01)** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendant's Motion in Limine Regarding Extrinsic Offenses or Other Acts of Misconduct, filed June 21, 2010; (2) Defendant's Motion in Limine, filed July 27, 2010 (doc. 34); and (3) Defendant's Motion in Limine, filed July 30, 2010 (doc. 38). The court held a pretrial conference on August 13, 2010, and heard further argument from the parties. After carefully considering the parties' arguments, the record, and the applicable law, the court **grants** Defendant's Motion in Limine Regarding Extrinsic Offenses or Other Acts of Misconduct; **grants** Defendant's Motion in Limine (doc. 34); and **grants** Defendant's Motion in Limine (doc. 38).

**I.    Factual and Procedural Background**

Defendant Saleh was indicted on March 24, 2010, and arrested on March 26, 2010. In the original indictment, he was charged with two counts of possession of goods stolen from interstate shipment and aiding and abetting, in violation of 18 U.S.C. §§ 659 and 2. Count one alleges that on or about February 3, 2010, Defendant possessed boxes of Amoxicillin and Clavulanate tablets that had been stolen from a motortruck, trailer, or other vehicle while moving between Colorado and Texas. Count two alleges that on or about May 5, 2005, he possessed boxes containing office furniture and related items that had been stolen from a motortruck, trailer, intermodal container, other vehicle or warehouse facility while moving between China, California, and Texas. On April

**Memorandum Opinion and Order – Page 1**

20, 2010, the grand jury returned a Superseding Indictment (the "Indictment"). This Indictment changed the date of possession in count two from May 5, 2005, to February 18, 2010.

On July 6, 2010, the government filed its notice pursuant to Rule 404(b) of the Federal Rules of Evidence. This notice states that it might offer evidence of the following:

> 1. In August of 2006, Saleh purchased a stolen cargo of sugar, and resold a portion of it to Banderas Food Distribution in Dallas. Saleh pled guilty to a theft charge for this conduct in state court in Dallas County on October 15, 2009.
>
> 2. On or about February 10, 2008, defendant Saleh was seen unloading stolen televisions into a Ford van near Harry Hines Blvd. [i]n Dallas, Texas. Saleh was charged with theft under a Texas statute, and pled guilty to a theft charge in state court in Dallas County on October 15, 2009.
>
> 3. Additionally, the government may call one or more witnesses who conspired with Saleh to steal and resell loads of cargo transported in interstate commerce, including the following: meat, cheese, furniture, shrimp, candy, mixed groceries, school supplies, beauty products, rugs, televisions, computer monitors, and similar consumer products. These witnesses may also testify that Saleh paid them for their participation in these schemes with cash and/or used cars, and that he provided them with cellular phones to use during their criminal activities. These activities generally occurred during the period from 2004 to 2009.
>
> 4. The government may present a law enforcement witness who was conducting surveillance of Saleh in the early morning hours of Easter Sunday in approximately 2006. Saleh engaged in evasive maneuvers as he neared a location that was later determined to be the hiding place for a stolen tractor-trailer.

Doc. 28 (July 6, 2010) 9-10.

Defendant has moved to exclude this testimony and evidence. Defendant also filed a motion in limine to exclude references to the assignments of government agent witnesses, his immigration status, and his country of origin and ethnicity. The government has reached an agreement with

Defendant on those three items. The only remaining dispute is whether the 404(b) evidence should be admitted.

## II. Legal Standard

Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

In this circuit, extrinsic evidence may only be admitted if it meets two requirements:

> First, the evidence must be admitted for a reason other than to prove that the defendant has an unsavory character and acted in conformity therewith on the occasion in question. Second, the probative value of that evidence must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

*United States v. Sanchez*, 988 F.2d 1384, 1394 (5th Cir.), *cert. denied*, 510 U.S. 878 (1993); *United States v. Beechum*, 582 F.2d 898, 915 (5th Cir. 1978), *cert. denied*, 440 U.S. 920 (1979).

## III. Analysis

The government seeks to introduce evidence about two prior convictions and evidence about other prior acts by Defendant. Defendant contends that this evidence should not be admitted because it is unduly prejudicial to him. The court has carefully considered the parties' arguments and the relevant law.

The court determines that the first requirement for extrinsic evidence is satisfied: "where the prior offense involved the same intent required to prove the charged offense, that prior offense is relevant and we are required only to consider whether the requirements of Rule 403 are met under *Beechum*'s second prong." *United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009). In this

case, the state convictions for theft pursuant to section 31.03 of the Texas Penal Code require similar intent to that required for the charged offenses.

Accordingly, the court considers whether the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The court determines that the danger of prejudice to Defendant and confusion to the jury substantially outweigh the probative value of the extrinsic evidence the government seeks to offer.

This circuit has recently held that "[t]he more closely the extrinsic offense evidence resembles the charged offenses, the greater the likely prejudice that results." *United States v. York*, 600 F.3d 347, 360 (5th Cir. 2010), *petition for cert. filed* (June 7, 2010) (No. 09-11361) (citation omitted). In this case, the government seeks to introduce evidence of conduct that is essentially the same as that of the charged offenses, and the government acknowledges this substantial similarity. The likelihood of prejudice is therefore quite high.

There is an undue danger that the jury would convict Defendant based on offenses that are not charged in the Indictment if the extrinsic evidence is admitted. The court believes that the jury will base its decision on character, rather than require the government to meet its burden and prove the elements for the charged crimes. The court does not believe the extrinsic evidence that the government seeks to have admitted can be cured with a limiting instruction. The evidence consists of two theft convictions and testimony of witnesses and a law enforcement officer regarding Defendant Saleh's alleged conduct regarding theft of cargo transported in interstate commerce and his suspicious and evasive maneuvers as he approached a location that was a hiding place for a stolen tractor-trailer. This evidence would leave an indelible prejudicial effect on the jury that far outweighs its probative value and likely cause Defendant Saleh to be convicted on conduct for which

he is not charged. A limiting instruction in this case would have no curative effect on the undue prejudice to Defendant Saleh and would be tantamount to instructing the jury to disregard "the elephant in the room." The evidence is of such a nature that the jury is likely to conclude that Defendant Saleh is a thief, that this is who he is (which is indicative of his character), and that his conduct regarding the charged offenses is entirely consistent with his character, which is precisely what Rule 404(b) prohibits. In light of this determination, the court also determines that the extrinsic evidence will confuse the jury and cause it to unduly focus on such evidence. In this regard, the court concludes that the risk of confusion is such that the jury will, in essence, convict Defendant Saleh for the uncharged conduct rather than that charged in the Indictment. Accordingly, the court determines that under *Beechum* and its progeny Defendant's motions in limine should be granted.

## IV. Conclusion

For the reasons stated herein, the court **grants** Defendant's Motion in Limine Regarding Extrinsic Offenses or Other Acts of Misconduct; **grants** Defendant's Motion in Limine (doc. 34); and **grants** Defendant's Motion in Limine (doc. 38).

If Defendant opens the door regarding the extrinsic evidence through his testimony, other witnesses, or his counsel's argument, the government may raise the admissibility of this evidence again. If the government believes that Defendant has opened the door to these issues, counsel for the government must approach the bench and argue for the admission of this testimony or evidence. No mention of or reference to these convictions or conduct are to be made in the presence of the jury unless the court changes its ruling.

**It is so ordered** this 18th day of August, 2010.

Sam A. Lindsay
United States District Judge