IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:10-CR-083-L** |
| | § | |
| **ABDEL SALEH (01)** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Disqualify District Judge, filed October 18, 2010. Defendant Abdel Saleh moves pursuant to 28 U.S.C. §§ 144 and 455 for the disqualification of the presiding judge. After carefully considering the motion and applicable law, the court **denies** Defendant's Motion to Disqualify District Judge.

**I.   Background**

The grand jury returned a Superseding Indictment against Defendant Abdel Saleh ("Defendant") on April 20, 2010. He was charged with two counts of possession of goods stolen from interstate shipping and aiding and abetting, in violation of 18 U.S.C. §§ 659 and 2. A jury trial was held between August 16, 2010, and August 20, 2010. The jury returned its verdict on August 20, 2010. It found Defendant not guilty on Count Two and could not reach a decision on Count One. The court granted the government's motion for mistrial on Count One on August 20, 2010, over Defendant's objections. It entered a judgment of not guilty on Count Two for Defendant on August 31, 2010.

On October 6, 2010, a grand jury returned the Second Superseding Indictment against Defendant. Defendant again faces two counts. Count One charges conspiracy to steal and possess goods stolen from interstate shipment, in violation of 18 U.S.C. § 371; Count Two charges

**Memorandum Opinion and Order – Page 1**

possession of goods stolen from interstate shipment and aiding and abetting, in violation of 18 U.S.C. §§ 659 and 2.

The day before the Second Superseding Indictment was returned, counsel for Defendant, David M. Finn, moved to withdraw from representing him. The court, setting forth its reasons, denied the motion on October 15, 2010, and directed the magistrate judge to appoint Mr. Finn pursuant to the Criminal Justice Act if Defendant was eligible for such an appointment. On October 18, 2010, Defendant filed the instant motion. The next day, the magistrate judge appointed Mr. Finn counsel for Defendant pursuant to the Criminal Justice Act. The court has now set this case for trial on December 13, 2010.

## II. Defendant's Motion

Defendant requests that the presiding judge immediately disqualify himself from all future proceedings in this matter. In Defendant's motion, Mr. Finn refers to events that occurred on August 20, 2010, at the conclusion of the jury trial. He states that the court ordered him to watch video surveillance in the U.S. Marshal's security office, and that during the viewing he was contacted by his wife, who stated that one of his children might have broken an arm during a playground accident. He further states that his wife was on the way to the emergency room and that his three other young children would be left unattended at home. He states that when he attempted to respond to his wife, the court admonished him to put his phone away or risk contempt of court. Mr. Finn states that after the parties returned to the courtroom, the court lectured and berated him for approximately one hour.

Defendant alleges that the presiding judge "injected himself into the chain of custody" with respect to certain "missing" evidence that was removed from the jury room during the trial. Def.'s Mot. to Disqualify Dist. J. 2 (hereinafter, "Mot."). He states that the judge was "not happy" about

this development and "took it out" on Mr. Finn. *Id*. Defendant also contends in conclusory fashion that, based upon the record and transcript, a reasonable person would be convinced that bias against his counsel exists. He further argues that the presiding judge could be called as a trial witness in the subsequent trial.

Defendant incorporates the transcript of the record of comments made to Mr. Finn after the verdict, the motions filed by Defendant after the verdict, and the court's orders and rulings after the jury verdict. He also requests that a copy of the transcript of the hearing held in chambers regarding the "missing" evidence be made part of his motion.

### III. Analysis

#### A. Legal Standards

Defendant relies on both 28 U.S.C. § 144 and 28 U.S.C. § 455 in support of his requested relief. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 also provides for disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Before addressing the merits of Defendant's argument, the court notes that it need not assign this matter to another district judge. Although section 144 refers to assignment to another judge, the presiding judge may transfer the matter to another judge for decision or decide it himself. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir. 1996). Further, there is no "negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on the motion." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 963 n.9 (5th Cir. 1980).

Pursuant to section 144, a judge must only reassign a case to another judge "when a party makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *United States v. Scroggins*, 485 F.3d 824, 829 n.19 (5th Cir.), *cert. denied*, 552 U.S. 932 (2007) (internal quotations omitted). While the language of section 144 appears to require immediate reassignment, it is the presiding judge's responsibility to assess the timeliness and legal sufficiency of the affidavit:

> On its face [section 144] appears to require automatic disqualification upon filing of a proper affidavit. It has not been read this way. Instead, courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory.

Charles A. Wright, et al., Fed. Prac. & Proc. § 3551 (3d ed.) (footnotes omitted).

The court "must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged." *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990) (internal quotations omitted) (citation omitted). There are three requirements for a legally sufficient affidavit: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the

facts must show the bias is personal, as opposed to judicial, in nature." *Id*. The court therefore considers Defendant's motion in light of the applicable legal standards.

### B. Lack of Affidavit

Defendant did not file an affidavit with his motion or a certificate of good faith as required by section 144. This failure *alone* is a sufficient basis to deny his motion. *United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988). Accordingly, the failure to comply with the procedural requirements of section 144 is one of the bases on which the court relies to deny the motion.

### C. Sufficiency of Defendant's Allegations

Alternatively, the court considers whether the allegations set forth in Defendant's motion provide any basis for granting it. The court determines that, taking as true all the allegations set forth in Defendant's motion, he has failed to set forth a legally-sufficient basis for recusal for four separate and independent reasons.

First, Defendant alleges that the court has a bias against Mr. Finn, not against him. This is insufficient to require recusal:

> Bias for or against an attorney, who is not a party, is not enough to require disqualification unless it can also be shown that such a controversy would demonstrate a bias for or against the party itself. In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney or in favor of another attorney because of his conduct.

*Henderson*, 901 F.2d at 1296 (citations omitted). Nothing in Defendant's motion suggests any bias against him personally; Mr. Finn states specifically that the presiding judge "took it out on undersigned counsel," but he does not mention any alleged bias against Defendant. Mot. 2.

Moreover, Defendant does not allege that the court had a "continuing and personal" bias against Mr. Finn.

Second, all of the conduct alleged by Defendant occurred during this trial and does not raise any personal, as opposed to judicial, bias:

> Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*United States v. Allen*, 587 F.3d 246, 252 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1564 (2010) (internal quotations omitted) (citation omitted) (bracket omitted) (original emphasis); *see also Scroggins*, 485 F.3d at 830. Defendant does not point to any extrajudicial source of alleged bias. His allegations relate entirely to the issues surrounding the "missing" evidence.

Third, Defendant fails to explain how or why the presiding judge would be required to be called as a witness in the second trial. Even if the issue of the "missing" evidence arises, its absence prejudices the government, not Defendant. Moreover, the presiding judge generally may not be called as a witness to testify to actions taken in his judicial capacity:

> While a judge enjoys no special privilege from being subpoenaed as a witness, it is imperative when he is called to testify as to action taken in his judicial capacity, to carefully scrutinize the grounds set forth for requiring his testimony. Should a judge be vulnerable to subpoena as to the basis of every action taken by him, the judiciary would be open to frivolous attacks upon its dignity and integrity, and interruption of its ordinary and proper functioning. The Supreme Court . . . indicated that such an examination of an

> administrative decision-maker would be permitted, where administrative findings existed, only with a strong showing of bad faith or improper behavior. Following this principle, courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances.

*Gary W. v. State of Louisiana, Dep't of Health and Human Res.*, 861 F.2d 1366, 1369 (5th Cir. 1988) (internal quotations omitted) (citations omitted) (ellipsis omitted). Defendant has failed to set forth allegations that this case involves "extreme and extraordinary circumstances" that would require the presiding judge to testify.

Fourth, the statements made in Defendant's motion are conclusory and speculative, and they are not stated with particularity. For example, Defendant's motion is rife with statements that his counsel "believes" certain facts or that things "appear" to him a certain way. *See* Mot. 2-3. Averments based upon "information and belief" are legally insufficient for such an affidavit. *Henderson*, 901 F.2d at 1296.

For each of these reasons, the court determines that the allegations set forth in Defendant's motion, even if they had been included in an affidavit as required by section 144, would be insufficient to require the reassignment of this case to another judge. Defendant has failed to establish that a reasonable person would be convinced that bias exists based upon the allegations in his motion.

### D. Timeliness of Defendant's Motion

The court must also determine if Defendant's motion is timely. It finds that Defendant's motion is untimely and should be denied for that reason pursuant to both sections 144 and 455. "[O]ne seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38

F.3d 1404, 1410 (5th Cir. 1994). The facts relied upon by Defendant in support of his motion, which occurred on August 20, 2010, were known to him for nearly two months before he filed his motion for disqualification.

Even if Defendant waited to file his motion until the government decided whether to pursue its case against him, the grand jury returned the Second Superseding Indictment on October 6, 2010. Defendant did not move for disqualification for twelve days, and the court considers that his motion was not filed until after the court denied his counsel's motion to withdraw and appointed Mr. Finn pursuant to the Criminal Justice Act. *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998) ("The most egregious delay – the closest thing to *per se* untimeliness – occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal."). The court therefore finds that Defendant's motion is untimely.

### III. Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion to Disqualify District Judge.

**It is so ordered** this 22nd day of October, 2010.

Sam A. Lindsay
United States District Judge